IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DEANTWAN M. ALLEN, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-023 |
| | ) | |
| J. WHITE, Warden; J. BEASLEY, Deputy | ) | |
| Warden/Security; T. KEITH, Deputy | ) | |
| Warden/Care & Treatment; A. HUNT, Unit | ) | |
| Manager; K. THOMAS, Unit Manager; | ) | |
| COUNSELOR WILCOX; CAPTAIN | ) | |
| FULLER; LIEUTENANT EDWARD; | ) | |
| SERGEANT MOORE; SERGEANT | ) | |
| ROBINSON; SERGEANT CLARK; | ) | |
| CORRECTIONS OFFICER POPE; | ) | |
| CORRECTIONS OFFICER JOHNSON; | ) | |
| CERT TEAM OFFICER McKENZIE; | ) | |
| CERT TEAM OFFICER WILCOX; | ) | |
| CERT TEAM SERGEANT TILLMAN; | ) | |
| and NURSE JACKSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, commenced the above-captioned civil rights case *pro se*, pursuant to 42 U.S.C. § 1983. Along with his complaint, Plaintiff filed a request for injunctive relief in the form of a transfer for himself and several other fellow inmates who have written sworn declarations in support of Plaintiff's allegations in this lawsuit. Plaintiff also asks the Court to order prison officials to stop retaliating against him for filing this lawsuit by serving cold meals, denying

opportunities for outside exercise, purposefully denying adequate medical treatment, and generally subjecting Plaintiff to harsh conditions at TSP.  For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** his request be **DENIED**.  (Doc. nos. 4-1, 4-2.)

I.     Discussion

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."  McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has not met his burden of persuasion as to all four of these requirements.  First, as described in detail in a simultaneously filed order, at this point in the litigation, Plaintiff's allegations are insufficient to show Plaintiff has any valid claims, let alone that he has a substantial likelihood of success on the merits.  Second, Plaintiff fails to show injunctive relief is necessary to prevent irreparable injury, as his motion does not contain factual detail with supporting evidence, only his conclusory allegations.  Similarly, Plaintiff has provided no information on whether the alleged threatened injury outweighs any potential damage to Defendants, let alone provided any information on whether an injunction would not be adverse to the public interest.  Failure to satisfy any one of the four prerequisites for injunctive relief is

fatal to Plaintiff's request for injunctive relief.  See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (*per curiam*).  Thus, Plaintiff is not entitled to the relief he seeks.

For the sake of completeness, the Court also notes the law is well-settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons.  See Bell v. Wolfish, 441 U.S. 520, 547 (1979).  Moreover, as a general rule, inmates do not have a constitutional right to be housed at one facility or another.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  Lastly, the order Plaintiff seeks would serve little purpose, as it would amount to nothing more than an instruction to "obey the law" – a duty already in place.  See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

**II.    Conclusion**

In sum, Plaintiff has failed to satisfy all of the required elements for obtaining the injunctive relief he seeks.  Thus, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**.  (Doc. nos. 4-1, 4-2.)

SO REPORTED and RECOMMENDED this 25th day of March, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA